J.A. CROSON COMPANY, Appellee,

v.

OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES,
Division of Public Works, et al., Appellants.

[Cite as *J.A. Croson Co. v. Ohio Dept. of Adm. Services* (1995), 104 Ohio App.3d 798.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE09–1406.

Decided June 22, 1995.

*Carlile, Patchen & Murphy, Denis J. Murphy* and *John W. Seidensticker,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Doug S. Musick,* Assistant Attorney General, for appellants.

PEGGY BRYANT, Judge.

Defendants-appellants, the Ohio Department of Administrative Services, Division of Public Works, and the Set Aside Review Board, appeal from a judgment of the Franklin County Court of Common Pleas declaring the rights and duties of specialty contractors under R.C. 123.151(C)(2)(b). Defendants' single assignment of error states:

"The trial court erred in holding that R.C. 123.151(C)(2)(b) relieves the specialty contractor of any obligation to subcontract to minority business enterprises."

According to the stipulated facts submitted in the trial court, plaintiff is a mechanical contractor which regularly enters into specialty contracts with the state of Ohio, Department of Administrative Services, Division of Public Works, for installation of mechanical systems such as plumbing, heating and ventilating. See R.C. 153.02.

Upon the division's invitation for bids on the plumbing portion of a construction project at Ohio University in Athens, Ohio, plaintiff submitted a contractor's Minority Business Enterprise ("MBE") certification to the division. The certification reflected that although plaintiff intended to subcontract work, it did not intend to subcontract any of its work to MBEs. On its own motion, the board set a hearing on plaintiff's MBE certification and ultimately determined that plaintiff had failed to comply with the MBE requirements of R.C. 123.151, as incorporated in the department's standard conditions of contracts for construction.

Plaintiff requested reconsideration. In response, the division advised that if plaintiff subcontracted at least two percent of the total contract price to MBEs and purchased supplies or services from MBEs in an amount equal to five percent of the total contract, plaintiff would meet the MBE requirements. Plaintiff responded with a certification in accordance with the advice given to it. Counsel for the board, however, replied that the board intended to require plaintiff to award subcontracts to MBEs in the amount of five percent of the total contract price or to require that plaintiff seek a waiver or modification of the requirement. Under protest, plaintiff submitted a third contractor's MBE certification, certifying that it intended to award five percent of the total contract value to MBE subcontractors and that it further intended to purchase materials from MBEs in the amount of two percent of the total contract price. Ultimately, the board advised counsel for plaintiff that its third submittal met the board's requirements.

Plaintiff is the lowest bidder on two other currently pending projects, and will be bidding future contracts to be awarded by defendants; thus the requirements of R.C. 123.151 continue to be implicated in plaintiff's dealing with the division. As a result, on June 6, 1994, plaintiff filed a complaint against defendants seeking declaration of a specialty contractor's rights and duties in order to satisfy the requirements of R.C. 123.151(C)(2)(b). Finding the language of R.C. 123.151(C)(2)(b) plain and unambiguous, the trial court concluded that the "stat-

ute permits a specialty contractor such as Croson to satisfy the seven-percent requirement with any combination of subcontracts, materials, or services subject to the limitation of no more than five percent services. And so long as the seven-percent requirement is met, a specialty contractor is not required to award any minority subcontracts."

Defendants appeal the trial court's determination, asserting that R.C. 123.151(C)(2)(b) requires a specialty contractor to award all subcontracts to MBEs until the value of the subcontracts equals five percent of the total value of the contract.

R.C. 123.151(C)(2)(b) requires that certain contracts with the Department of Administrative Services include provisions stipulating that the contractor will award subcontracts to, and will purchase materials and services from, minority businesses, as provided in the statute. The section is divided into two sentences; the first sentence contains three clauses. The first clause speaks to minority subcontractor participation in state contracts and provides:

"Except as provided in divisions (C)(3) and (4) of this section, the department of administrative services shall not enter into any contract authorized under section 123.15 and Chapter 153. of the Revised Code, including any contract set aside under division (C)(1) of this section, unless the contract contains a provision stipulating that the contractor, to the extent that it subcontracts work, will award subcontracts totaling no less than five per cent of the total value of the contract to minority businesses certified under division (B) of this section and that the total value of both the materials purchased from minority businesses certified under division (B) of this section and of the subcontracts awarded, to the extent that it subcontracts work, to such minority businesses will equal at least seven per cent of the total value of the contract * * *."

The second clause addresses the requirements of specialty contracts, and provides an exception to the first clause, stating:

"[E]xcept that in the case of contracts specified in division (A), (B), or (C) of section 153.02 of the Revised Code, the contractor shall stipulate that the total value of both the subcontracts awarded to and the materials and services purchased from minority businesses certified under division (B) of this section will equal at least seven per cent of the total value of the contract * * *."

Further, as the trial court properly noted, the exception contained in the second clause is further limited by the third clause, which states: "[B]ut for the purposes of meeting the seven per cent requirement, the value of services shall not be more than five per cent of the total value of the contract."

On appeal, as in the trial court, plaintiff contends that the second clause of R.C. 123.151(C)(2)(b) allows a specialty contractor to meet the requirements of the section by any combination of subcontracts, materials, or services that amounts to seven percent of the total value of the contract. As a result, even if a specialty contractor intends to subcontract, plaintiff asserts, the contractor need not subcontract to an MBE, but may satisfy the seven-percent requirement under the second clause of R.C. 123.151(C)(2)(b) by its purchase of materials or services from minority businesses.

Unlike the trial court, we find the language of R.C. 123.151(C)(2)(b) to be less than clear. Nonetheless, the second clause requires that a specialty contractor stipulate that "the total value of *both* the subcontracts awarded to *and* the materials *and* services purchased from minority businesses * * * will equal at least seven per cent of the total value of the contract." (Emphasis added.) Dispositive of the issue before us, that language does not pose the specialty contractor's obligations in the alternative; quite to the contrary, the obligation is conjunctive. As a result, a specialty contractor is required under the second clause not only to subcontract but also to purchase materials and services from minority businesses. Further, the total of the subcontracts, materials and services is to equal at least seven percent of the total value of the contract.

We recognize that the specialty contractor's obligation under the second clause is further limited by the third clause, which states that for purposes of meeting the seven-percent requirement, the value of services purchased shall not be more than five percent of the total value of the contract. Thus, a specialty contractor may meet its obligations under the second clause by purchasing services in the amount of five percent of the total value of the contract and materials in the amount of one percent of the total value of the contract and awarding subcontracts in the amount of one percent of the total value of the contract. Nothing in either the second or third clauses, however, suggests that a specialty contractor is relieved of its obligation to subcontract, as well as purchase services and materials, on each contract with the state.

Defendants, however, contend that a specialty contractor is required to subcontract to MBEs until the value of the subcontracts equals five percent of the total value of the contract. Apart from the fact that defendants' contentions render the language of the second clause virtually unnecessary to distinguish the obligations of the specialty contractor from those of other contractors, their suggested interpretation is inconsistent with the third clause of R.C. 123.151(C)(2)(b), which allows a specialty contractor to meet the seven-percent requirement by purchasing up to five percent of the total value of the contract in services. As a result, we reject defendants' argument.

Plaintiff, however, contends that even requiring a specialty contractor to subcontract as much as one percent of the total contract price creates an injustice

to specialty contractors, as in some instances a specialty contractor may not subcontract at all. Plaintiff's argument implicates the second sentence of R.C. 123.151(C)(2)(b), which states:

"To the extent that the contractor subcontracts work less than the percentages required to be subcontracted to minority business enterprises as established in this section, the total value of the subcontracts awarded to minority business enterprises certified under division (B) of this section need not exceed the actual amount of such subcontracts awarded."

While the parties dispute whether the second sentence applies as well to the contracts described in the first clause of R.C. 123.151(C)(2)(b), we need not resolve that issue. Rather, we need only determine whether the second sentence applies to the specialty contracts described in the second clause of the section. The first clause of the section contains language indicating that, to the extent that a contractor subcontracts work, it will award subcontracts totalling no less than five percent of the total value of the contract. The second clause contains no similar language. As a result, we are persuaded that the second sentence at the least applies to the specialty contractor, and it releases the specialty contractor from the obligation to subcontract to the extent that its subcontracts are less than the percentages it would be required to subcontract under the second clause of R.C. 123.151(C)(2)(b). Thus, the total value of subcontracts to minority businesses need not exceed the amount of subcontracts otherwise awarded.

Because this interpretation of the second sentence undermines plaintiff's contentions that the legislature did not intend to require subcontracting to MBEs for specialty contractors, plaintiff contends that the second sentence cannot apply to specialty contractors at all. In support of its argument, plaintiff points out that the second sentence refers to subcontracts in amounts "less than the percentages required to be subcontracted to minority business enterprises as established in this section," while the second clause, plaintiff asserts, contains no required percentages.

Plaintiff unduly narrows the scope of the second sentence. While the second clause does not specify a fixed percentage for specialty contractors to subcontract to minority businesses, it does require that a specialty contractor subcontract some percentage to MBEs. Although the percentage to be subcontracted is fluid and depends in part on the amount of materials and services purchased, the second clause nonetheless requires a percentage of the total value of the contract be subcontracted to MBEs. Moreover, if the second sentence applied only to the contracts referred to in the first clause as defendant asserts, the legislature could have specifically referred in the second sentence to the five-percent requirement set forth in the first clause.

Given the foregoing, we sustain defendants' single assignment of error to the extent indicated, and conclude that a specialty contractor is required under the

second clause of R.C. 123.151(C)(2)(b) to award subcontracts to, and purchase materials and services from, minority businesses in an amount which totals seven percent of the total value of the contract with the state, subject to the limitation of the third clause, which allows the specialty contractor to purchase services in an amount which will not exceed five percent of the total value of the contract. Further, the second sentence applies to the second clause, allowing a specialty contractor to subcontract a lesser amount to MBEs if it otherwise subcontracts less work than the percentage required under the second clause.

Having sustained defendants' single assignment of error to the extent indicated, we reverse the judgment of the trial court and remand for further proceedings in accordance herewith.

*Judgment reversed*
*and cause remanded.*

BOWMAN, P.J., and DESHLER, J., concur.